**A. A. OFFUTT et al., Appellants,**

**v.**

**G. A. BARNES et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 12, 1954.

J. Milton Luker, London, for appellants.

Fritz Krueger, Russell Jones, Somerset, for appellees.

MILLIKEN, Justice.

The determinative question in this case is whether the Municipal Housing Commission of the City of Somerset has the legal power to erect a low-cost housing project without first clearing away a slum area.

The appellees, private citizens of Somerset, obtained a permanent injunction to prevent appellants, members of the City's Housing Commission, from undertaking the construction of a low-cost housing project in the city, principally on the ground that the project was to be constructed on an open site, one not occupied by any dwellings, and we suspended the injunction pending appeal. It is contended that the removal of a slum area—slum clearance—is a prerequisite to the Commission's embarking on a low-cost housing project.

The governing statute, KRS 80.010(1) (a) (b) and (c) provides:

"As used in this chapter, unless the context otherwise requires:

"(1) 'Housing project' means a building or buildings containing rooms to be provided as living quarters, together with shops, stores, garages, laundries, doctors' and dentists' offices and other facilities and appurtenances deemed reasonably necessary by the housing commission to the successful and economical operation of the project. It also means any work or undertaking of a housing commission or of the Federal Government to:

"(a) Demolish, clear or remove a building or buildings from any slum area, including the adaptation of such area to recreational, community or other public purposes;

"(b) Provide decent, safe and sanitary living accommodations for persons who lack the amount of income that is necessary, as determined by the commission undertaking the project, to enable them, without financial assistance, to obtain such accommodations; such work or undertaking may include buildings, land, equipment, facilities and other real or personal property for necessary, convenient or desirable appurtenances, streets, sewers, water service, parks, site preparation, gardening, administrative, community, health, recreational, welfare or other purposes;

"(c) Accomplish a combination of the foregoing."

The constitutionality of this statute was sustained in Spahn v. Stewart, 268 Ky. 97, 103 S.W.2d 651, but the specific question presented here was not discussed. It is the clear intent of the statute that the commission may remove a slum area, provide a new housing area, or "accomplish a combination of the foregoing." While the constitutionality of such legislation is premised on its intended beneficent effect on the public health and welfare, that purpose can be accomplished either by a physical demolition of the buildings in the slum area or by attracting its tenants by better housing at comparable rentals. The health menace of a slum area varies in direct proportion to the number of its occupants. We do not construe the present action of the Building Commission as an attempt to undertake a housing project apart from slum clearance; the slum clearance will come automatically with the availability of better housing.

The judgment granting the injunction is reversed, the injunction set aside, and the case remanded for an order dismissing the petition.